UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
_____ )
                               )
COY PHELPS,                    )
                               )
          Plaintiff,           )
                               )
     v.                        )
                               )    CIVIL ACTION
                               )    NO. 10-10071-WGY
GEORGE A. O'TOOLE, et al.,     )
                               )
          Defendants.          )
                               )
_____ )
```

MEMORANDUM AND ORDER

YOUNG, D.J.                                        April 1, 2010

For the reasons set forth below, the Court dismisses this action.

I.   **Background**

On January 19, 2010, Coy Phelps, a civilly committed person who is confined at FMC Devens, filed a self-prepared civil rights complaint under Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), and paid the $350.00 filing fee.  Phelps brings the action against the Honorable George O'Toole, Jr. of this Court, the Honorable Marilyn Hall Patel of the Northern District of California, and "Other Unnamed Justices, Judges, and Magistrate Judges."  Phelps alleges that Judge Patel wrongly imposed release conditions on him, caused him to be arrested upon violating those conditions, and caused him to be re-hospitalized.  Phelps further alleges that Judge O'Toole wrongly refused to release him.  According to Phelps, the named

and unnamed judges

> premeditatively exceeded their authority to oppress and
> to persecute the petitioner by incarceration,
> imprisoning, and detaining the petitioner in federal
> prison, and to keep the petitioner in federal prison,
> without statutory authority . . . solely because of
> petitioner's religion, religious beliefs, political
> views, and philosophical ideologies . . . .

Compl. at 6.  Phelps asserts that the decisions of the defendants
were clearly contrary to the Constitution, Congressional intent,
federal statutes, judicial precedent, common sense, practicality,
and mental competence, and are the result of "bias, prejudice and
deep seated antagonism."  Id. at 18, n.19.  He suggests that the
defendants are either corrupt or suffer from a mental disability.
See id.  Phelps seeks $5 million in compensatory damages and $20
million in punitive damages.

Summons have issued.  The docket shows that Judge Patel was
served on February 2, 2010.  Her response to the complaint, which
has not yet been filed, is due April 5, 2010.  The docket
indicates that the United States Attorney General and United
States Attorney for the District of Massachusetts have also been
served.  The docket does not indicate that Judge O'Toole has been
properly served.

## II.  Discussion

A district court has inherent authority to dismiss a
frivolous complaint sua sponte even if a plaintiff has paid the
filing fee and is not a prisoner.  See Mallard v. United States

District Court, 490 U.S. 296 (307-08) (1989); Fitzgerald v. First East Seventh Street Tenants Corp., 221 F.3d 362, 363-64 (2d Cir. 2000).  A complaint is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).

Phelps's complaint is patently frivolous because all of the defendants enjoy judicial immunity.  Judges are immune "from liability for damages for acts committed within their judicial jurisdiction . . . even when the judge is accused of acting maliciously and corruptly."  Pierson v. Ray, 386 U.S. 547, 554 (1967); see also Mireles v. Waco, 502 U.S. 9, 11-12 (doctrine of judicial immunity is only overcome where alleged misconduct was not taken in the judge's judicial capacity or where the was taken in complete absence of all jurisdiction).  Here, all of the alleged misconduct of which Phelps complains falls within the ambit of this doctrine.  Phelps's argument that the defendants acted outside of the scope of their jurisdiction is unavailing.

The frivolous and even vexatious nature of this action is underscored by the fact that, at the time that Phelps filed this action, he was on notice that his claims would ultimately be unsuccessful.  For example, in Phelps v. Patel, 172 Fed. Appx. 160 (9th Cir. 2006), the Ninth Circuit upheld the dismissal of Phelps's civil rights action against Judge Patel, probation officers, and a prosecutor concerning his conditional release in

1999 and subsequent re-hospitalization in 2001.  See id.; see also Brief of Appellees in Phelps v. Patel, App. No. 05-15578 (9th Cir. Sept. 14, 2005) (available at 2005 WL 3577718).  The Ninth Circuit held that Judge Patel was entitled to judicial immunity and that the other defendants were also entitled to immunity.  See Phelps v. Patel, 172 Fed. Appx. at 160.  The Supreme Court denied certiorari.  See Phelps v. Patel, 549 U.S. 821 (2006).

     Further, in United States v. Phelps, 283 F.3d 1176, 1185-87 (9th Cir. 2002), the Ninth Circuit held that Judge Patel had properly imposed conditions of release upon Phelps that included supervisory or public safety considerations.  The court of appeals rejected Phelps's argument that Judge Patel was only authorized to impose a "regimen of psychiatric or psychological care or treatment."  Id. at 1185 (quoting 18 U.S.C § 4243(f)).  Notwithstanding the decision of the Ninth Circuit, in the present action Phelps maintains that Judge Patel was only authorized to impose "medical, psychiatric, or psychological" terms of release.  Compl. at 10, ¶ 21.

     Underlying this complaint is another argument by Phelps that has already been rejected by other courts.  Phelps maintains that the alleged conduct of the defendants was unlawful because "[t]here are no federal statutes authorizing federal insanity acquittees to be confined in any federal facility, especially a

federal prisons facility." <u>Id.</u> at 9, ¶ 12.   Judge O'Toole's decision to the contrary has been upheld by the First Circuit in judgments issued more than a year before the commencement of this action.   <u>See</u> <u>Phelps v. Sabol</u>, App. No. 08-1474 (1st Cir. November 13, 2008); <u>Phelps v. Sabol</u>, App. Nos. 07-2609 through 2612 (1st Cir. June 25, 2008).[1]   This argument has also been rejected by the Eight Circuit.   <u>See</u> <u>Phelps v. United States Bureau of Prisons</u>, 62 F.3d 1020, 1023 (8th Cir. 1995).

Phelps has already been warned by this Court that, if he continues to file actions based on arguments that have already been rejected by the courts, he could face sanctions, including restrictions on his filings.   <u>See</u> <u>Phelps v. Sabol</u>, C.A. No. 09-10557-RGS (D. Mass. 2009) (order dismissing case; docket entry #3, at 2-3).   Despite this warning, Phelps has filed the present action.   Given the earlier decisions rejecting the arguments and claims he now seeks to present, it may reasonably inferred that Phelps brings this action for the purpose of harassing the defendants.   Such conduct will not be tolerated by the Court and serves for a basis to enjoin Phelps from filing further actions without permission.   While the Court declines to issue an order of enjoinment at this time, the Court admonishes that any further

---

[1]<u>See also</u> <u>Phelps v. Holder</u>, App. No. 09-2542 (1st Cir. Feb. 24, 2010) (affirming dismissal of action, and reminding Phelps that the First Circuit has already rejected his argument that the Federal Bureau of Prisons does not have lawful custody of him).

abuse of this nature of the judicial system <u>will</u> result in sanctions, including possible monetary sanctions and significant restrictions on filing new actions.

<u>ORDER</u>

Accordingly, this action is dismissed.

SO ORDERED.

<u>/s/ William G. Young</u>
WILLIAM G. YOUNG
UNITED STATES DISTRICT JUDGE